■ In the Matter of BOARD OF EDUCATION OF THE NEWBURGH ENLARGED CITY SCHOOL DISTRICT, Respondent, v NEWBURGH TEACHERS' ASSOCIATION, Appellant. [59 NYS3d 412]—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the Newburgh Teachers' Association appeals from an order of the Supreme Court, Orange County (Sciortino, J.), dated July 2, 2015, which granted the petition to permanently stay arbitration and denied its cross motion to compel arbitration.

Ordered that the order is affirmed, with costs.

In determining whether a dispute between a public sector employer and employee is arbitrable, a court must first determine whether " 'there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007], quoting *Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d 665, 666-667 [2012]). If there is no prohibition against arbitration, the court must examine the parties' collective bargaining agreement to determine "whether the parties in fact agreed to arbitrate the particular dispute" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519; *see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 88 AD3d 889, 890-891 [2011]; *Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d at 666-667).

Here, the appellant demanded arbitration to compel the petitioner, the Board of Education of the Newburgh Enlarged City School District, to implement certain measures regarding the discipline and suspension of students. Since New York's Education Law grants discretion to boards of education to implement disciplinary rules and regulations in schools (*see* Education Law §§ 1709 [2]; 2503 [2]; 2801 *et seq.*), such demands are nonarbitrable on public policy grounds (*see Matter of United Fedn. of Teachers v Board of Educ. of City Sch. Dist. of City of N.Y.*, 2003 NY Slip Op 30203[U] [2003], *affd* 11 AD3d 256 [2004]).

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration and denied the cross motion to compel the arbitration. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.